May 9, 2019

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
United State District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    **Marsh & McLennan Agency LLC v. Ferguson**
                **Case No. 19-cv-03837-VSB**

Dear Judge Broderick:

Plaintiff Marsh & McLennan Agency LLC ("MMA" or "Plaintiff") and Defendant Elmer "Rick" Ferguson write jointly to inform the Court that despite their best efforts, the parties were unable to come to an agreement on the scope of a proposed temporary restraining order. The parties' disagreements are discussed below.

**PLAINTIFF'S POSITION**

Plaintiff respectfully requests that this Court retain its Order dated May 9, 2019 (*see* ECF Dkt. 10), and order expedited discovery with Defendant Elmer "Rick" Ferguson's deposition to take place by May 24, 2019.

**I.**       **The Scope of the Proposed Temporary Restraining Order is Lawful.**

The parties disagree on the scope of the temporary injunction. MMA had revised the proposed order to precisely match the language in Ferguson's employment agreement with MMA, his employer ("MMA Agreement"). Ferguson now wishes to narrow the scope of the parties' previously negotiated agreement,[1] but Ferguson's proposed edits – which include adding a third party to the proposed order and removing language tied to the MMA Agreement – should be rejected. Should Ferguson wish to fully brief the issues regarding the scope of the injunctive relief during the pendency of this action, he is fully able to do so in the upcoming weeks leading up to the preliminary injunction hearing.

**II.**      **New York Law Governs This Action.**

First, the parties agreed that disputes arising out of the MMA Agreement are subject to New York law. *See* MMA Agreement, § 12 ("This Agreement shall be governed by, and construed in

---

[1] Defendant initially proposed striking the words "confidential information" and "related information" on a phone call on May 7, 2019. On May 8, 2019 at 4:45 p.m. Defendants sent a revised version with different and much more substantial edits than were previously discussed.

Hon. Vernon S. Broderick, U.S.D.J.
May 9, 2019
Page 2

accordance with, the laws of the State of New York, without regard to its conflict of laws provisions."). Therefore, California law is not a relevant factor in the analysis.[2]

Further, as explained in Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery ("Plaintiff's TRO Brief"), Ferguson's arguments regarding the scope and application of California law are wrong.[3]

### III.  Plaintiff Met and Conferred with Defendant Multiple Times in Good Faith.

Plaintiff and Defendant conferred via telephone on May 6th and May 7th. During the May 7th call, Defendant informed Plaintiff that he wished to remove only two clauses from the Proposed Temporary Restraining Order. On the following day, Wednesday, May 8th, at 4:49 p.m., Defendant circulated a revised Proposed Order that virtually excised the meaning and efficacy of the Order. The parties discussed the proposed revisions today at about 1:38 p.m. on May 9th, and Plaintiff informed Defendant that they could not agree to the revisions. Thereafter, Plaintiff sent a draft letter to Defendant outlining some of the issues that arose in the parties' discussions, to which Defendant suggested that the parties would exchange drafts at 5:00 p.m.. At around 4:45 p.m., after the Court issued ECF No. 10, Plaintiff initiated discussions with Defendant, and after some back and forth, the parties decided that they could not agree to restrict the temporary restraining order beyond version that this Court signed, which was narrowly tailored to Defendant's contractual agreement with Plaintiff. Plaintiff also attempted to discuss the issues outlined in this Court's Order concerning a proposed briefing schedule, and shortly after the 4:45 p.m., Plaintiff sent Defendant proposed revisions to the draft letter. Plaintiff did not receive Defendant's portion of the draft letter until 9:17 p.m., at which point Defendant instructed Plaintiff to send any further revisions or additions "within the hour."

### IV.  The Parties Could Not Reach an Agreement Governing Expedited Discovery.

---

[2] In fact, a case that Ferguson cites in his portion below supports Plaintiff's position: a Court held that "the parties' choice of New York law should be honored with respect to the non-solicitation and confidentiality provisions of the Agreement . . . [but] California law governs the non-competition provision of the Agreement." *Prod. Res. Grp., L.L.C. v. Oberman*, No. 03 CIV. 5366 (JGK), 2003 WL 22350939, at *8 (S.D.N.Y. Aug. 27, 2003) (emphasis added). The MMA Agreement contains no non-compete provision, but only provisions protecting confidential information and trade secrets. Per authority supplied by Ferguson, New York law applies here.

[3] Both California and New York law allow parties to contractually restrict the disclosure and use of confidential information for competitive activity, even if that confidential information is not a trade secret. *See Gatan, Inc. v. Nion Co.*, No. 15-CV-01862-PJH, 2017 WL 1196819, at *7 (N.D. Cal. Mar. 31, 2017) (noting that "restrictions that serve to protect a former employer's trade secrets, proprietary information, and confidential information are valid in California"), *Allied N. Am. Ins. Brokerage Corp. of California v. Woodruff-Sawyer*, No. C 04-2527 MJJ, 2005 WL 6583937, at *13 (N.D. Cal. Feb. 22, 2005) (holding that "use of confidential information by a former employee in order to compete with their former employer represents irreparable harm"); Unisource Worldwide, Inc. v. Valenti, 196 F. Supp. 2d 269, 277–78 (E.D.N.Y. 2002) (stating that confidential information and trade secrets "constitute separate grounds for enforcement of [a] restrictive covenant and they must, therefore be treated individually").

Ferguson has refused to negotiate with Plaintiff regarding the scope of expedited discovery. Plaintiff seeks expedited discovery for the reasons explained in Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery. There is ample evidence that Ferguson has continued to use Plaintiff's Confidential Information and Trade Secrets to solicit customers to switch to his new firm, Teros, but it is impossible for Plaintiff to ascertain the full extent of Plaintiff's misconduct before the preliminary injunction is issued without further discovery and Plaintiff's sworn deposition testimony.

Therefore, Plaintiff seeks the collection and review of Plaintiff's personal and Teros computers and devices (including smartphones and tablets), an early deposition of Plaintiff to take place in New York within the next two weeks, and limited written discovery to determine the scope of Plaintiff's solicitation efforts.

In direct contravention of this Court's order that the parties negotiate their own understanding with regard to any expedited discovery, Defendant outrightly refused any expedited discovery without negotiating further. Defendant's only support for its refusal is one district court case where the Court found that a preliminary injunction was not warranted and *therefore* expedited discovery was not warranted either. *See Levy v. Young Adult Inst., Inc.,* No. 13-CV-2861 JPO, 2015 WL 170442, at *11 (S.D.N.Y. Jan. 13, 2015). Defendant's request for further briefing on the issue is merely a delay tactic to avoid expedited discovery at all costs.

### V.     Conclusion

Accordingly, for the reasons herein and in Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, Plaintiff respectfully requests that the Court sign the modified order that was submitted to the Court by email and ECF on May 2, 2019, and that the Court issue a temporary restraining order, set forth a preliminary injunction hearing and corresponding briefing schedule, and order expedited discovery including the deposition of Defendant Ferguson in New York, a forensic examination of Ferguson's personal and Teros computers and devices, and limited written discovery. *See* ECF Dkt. 6-1.

### **DEFENDANT'S POSITION**

Defendant respectfully submits that the Court should re-issue the temporary restraining order at ECF No. 10 with a few modifications, as reflected in the proposed order attached hereto as Exhibit A. The Court should also deny Plaintiff's request for expedited discovery in this matter as it has already ordered that discovery be held in abeyance, and there are significant threshold issues including whether this matter is subject to FINRA's arbitration requirement.

### I.     **The Court Ordered the Parties to Meet and Confer Regarding the Proposed Restriction and Plaintiff did not do so until the Eleventh Hour.**

As an initial matter, Defendant notes that he was attempting to reach an agreement regarding the parties' conduct during the pendency of this action when Plaintiff abruptly notified him it would not agree to any proposed changes and sent Defendant its draft letter to the Court. Specifically, on Tuesday, May 7th, the parties conferred and Defendant outlined some of his concerns regarding the proposed restriction at ECF No. 6-1. The parties agreed Defendant would send Plaintiff his proposed changes to the restriction and they would confer the morning of May 9th. As agreed, Defendant sent Plaintiff Exhibit A on May 8th and, after not hearing from Plaintiff, followed up by email and phone on the 9th. Counsel for the parties spoke that afternoon and Plaintiff indicated, without explanation, that it would not agree to any of the proposed changes and sent Defendant its draft letter to the Court an 2:28 pm. Notably, Plaintiff's draft letter misstated some of Defendant's proposals and failed to address others included in Exhibit A. At around 4:45 pm, after the Court issued ECF No. 10, Plaintiff reached out to Defendant and finally discussed proposed changes to the temporary restriction. The parties agreed on one change (discussed below), but Plaintiff otherwise would not agree or provide a counterproposal to any of the proposed edits. Accordingly, Defendant respectfully submits that Plaintiff, by not contacting Defendant to discuss proposed changes until the eleventh hour, failed to confer in good faith.

## II.     The Applicable Law in this Matter is California State Law.

Plaintiff also argues that the applicable law in the matter is New York law. Defendant submits that Plaintiff is incorrect on this point because New York has no substantial relationship to the parties or the issues at hand and because application of New York law would be contrary to California's fundamental policy disfavoring restrictions on trade agreements. *See TGG Ultimate Holdings, Inc. v. Hollett*, No. 16 CIV. 6289 (VM), 2017 WL 1019506, at *3 (S.D.N.Y. Feb. 24, 2017), *motion to certify appeal denied*, No. 16 CIV. 6289 (VM), 2017 WL 1536056 (S.D.N.Y. Mar. 23, 2017) (discussing choice-of-law standard and finding that California law applies where Defendants' alleged connections to New York were almost non-existent). Here, Defendant is a resident of California, conducts business out of California, and Plaintiff has not alleged that he has any connections to New York. In addition, California has a policy against enforcing non-competition provisions like the one signed by Defendant. Section 16600 of the California Business and Professions Code provides, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." California courts "have repeatedly held a former employee may be barred from soliciting existing customers to redirect their business away from the former employer and to the employee's new business *if the employee is utilizing trade secret information* to solicit those customers." *The Ret. Grp. v. Galante*, 176 Cal. App. 4th 1226, 1237, 98 Cal. Rptr. 3d 585, 593 (2009) (citing cases) (emphasis in the original).

## III.    The Temporary Restriction Should be Slightly Modified.

Plaintiff claims Defendant tried to narrow the scope of the restriction to exclude confidential information. This is incorrect. As demonstrated by Exhibit A, Defendant did not propose striking the words "confidential information." Rather, Defendant proposed striking the words "or related information" from (i) and (ii) as this phrase is vague, undefined in the agreement or otherwise, and

Hon. Vernon S. Broderick, U.S.D.J.
May 9, 2019
Page 5

may include information which is neither confidential nor a trade secret. Defendant also proposed striking "in concert with" and adding "on behalf of," as Defendant believes the Court should not bind third-parties not subject to the covenant and not acting on Defendant's behalf. Defendant proposed making "Confidential Information and Trade Secrets" not capitalized as they are not defined in the Order and Defendant does not agree with the definition of those terms in the agreement, at a minimum because it does not state that information must have independent economic value based on the fact that it is kept secret. *See* Cal. Civ. Code § 3426.1 (West); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1522, 66 Cal. Rptr. 2d 731, 736 (1997) (discussing factors California courts consider in determining whether a customer list is a trade secret); *Wanke, Indus., Commercial, Residential, Inc. v. Keck*, 209 Cal. App. 4th 1151, 1174, 147 Cal. Rptr. 3d 651, 668 (2012), as modified on denial of reh'g (Oct. 29, 2012) (same).

Defendant also proposed changing MMA to MMA Securities LLC, adding language permitting him to work with MMA clients to the extent he is not attempting to redirect their business away from MMA (*see Galante*, *supra* at 1237), and removing "possessing" from (iii) as it would potentially cause Defendant to run afoul of his preservation obligations. Lastly, Defendant proposed removing (iv) as it is vague, Plaintiff has not alleged other violations of Defendant's contractual restrictions, and it does not provide sufficiently clear instructions as to what is permitted under the restriction. As noted, Plaintiff did not respond to these proposals until the eleventh hour and even then, would not provide any counterproposal.[4] For these reasons, the temporary restriction at ECF No. 10 should be modified to reflect the changes in Exhibit A.

**IV.    The Court Should Deny Plaintiff's Request for Expedited Discovery.**

Finally, Plaintiff's request for expedited discovery should be denied. Contrary to Plaintiff's assertion, Defendant has not refused to discuss discovery. Rather, Defendant noted to Plaintiff that the Court, at the May 2nd hearing, ordered that Plaintiff's request for expedited discovery be held in abeyance. Additionally, as discussed at the May 2nd hearing, there are significant threshold issues in this matter including, *inter alia*, whether this matter is subject to FINRA's arbitration requirement and the governing state law. Defendant also has not shown that expedited discovery is reasonable under the circumstances or that it would be irreparably injured if the case were to proceed on a regular discovery track. After all, there will be a temporary restriction in place throughout the entirety of these proceedings, eliminating any risk of irreparable harm. *See Levy v. Young Adult Inst., Inc.*, No. 13-CV-2861 JPO, 2015 WL 170442, at *6 (S.D.N.Y. Jan. 13, 2015). If the Court is nevertheless inclined to grant expedited discovery in this matter, Defendant requests an opportunity to further brief the issue including the scope and timing of that discovery.

---

[4] The only change the parties agreed to in (i) and (ii) is to limit the temporary restriction to clients of MMA with whom Defendant had "business" contact, as opposed to any contact, however trivial.

Hon. Vernon S. Broderick, U.S.D.J.
May 9, 2019
Page 6

Respectfully submitted,

_/s/_____          _/s/_____
Nicholas H. Sikon                                          A. Michael Weber
                                                                       Kevin Yam
                                                                       Daniella Adler

OUTTEN & GOLDEN LLP                          LITTLER MENDELSON, P.C.
685 Third Ave., 25th Fl.                              900 Third Ave., 8th Fl.
New York, NY 10017                                 New York, NY 10022
212.245.1000                                              212.583.9600
nsikon@outtengolden.com                      mweber@littler.com