JUDGE BRODERICK

*Bro Doriec, J —*

*DOC #34*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 19 CV 03837

MARSH & MCLENNAN AGENCY LLC,

Plaintiff,

-against-

ELMER "RICK" FERGUSON,

Defendants.

Case No.: _____

**ORDER TO SHOW CAUSE FOR
A TEMPORARY RESTRAINING
ORDER AND A PRELIMINARY
INJUNCTION**

Upon the Summons and Complaint, dated April 30, 2019, the supporting Declarations of Jeff Calder, Mara Crain, A. Michael Weber, Esq., and Douglas A. Wickham, Esq., the exhibits annexed thereto, and Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order, a Preliminary Injunction and Expedited Discovery, and pursuant to Federal Rule of Civil Procedure 65, it is hereby:

ORDERED, that Defendant Elmer "Rick" Ferguson (collectively the "Individual Defendants") show cause before this Court, at Room ____, United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on May ____, 2019, at ____ o'clock in the __.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

    i.    Enjoining and restraining Defendant, and any person or entity acting in concert with him or under his supervision, through February 15, 2021, and as extended during any period that the Defendant has breached his obligations to Plaintiff Marsh & McLennan Agency LLC ("MMA"), from, soliciting or servicing, or inducing not to place business with MMA, any clients of MMA with whom Defendant had contact, or about whom Defendant obtained Confidential Information and Trade Secrets, or

for whom Defendant was responsible for making (or assisting or supervising the making of) sales to, or performing or providing (or assisting or supervising the performance or provision of) services or products on behalf of, MMA, during the last two (2) years of his employment;

ii.   Enjoining and restraining Defendant, and any person or entity acting in concert with him or under his supervision, through February 15, 2021, and as extended during any period that Defendant has breached his obligations to MMA, from soliciting, or inducing to not place business with MMA, any prospective clients of MMA with whom Defendant had contact or from whom Defendant solicited business on behalf of MMA during the last two years of his employment;

iii.   Enjoining and restraining Defendant, and any person or entity acting in concert with him or under his supervision, through February 15, 2021, and as extended during any period that Defendant has breached his obligations to MMA, from soliciting or endeavoring to cause MMA employees with whom Defendant came into contact for business purposes or about whom Defendant obtained Confidential Information and Trade Secrets to leave employment with MMA;

iv.   Enjoining and restraining Defendant, and any person or entity acting in concert with him or under his supervision, from possessing, using, disclosing or disseminating MMA's Confidential Information and Trade Secrets; and

v.   Enjoining Defendant, and any person or entity acting in concert with him or under his supervision, from any other actions in violation of Defendant's contractual obligations or fiduciary duties owed to MMA.

ORDERED, that sufficient reason having been shown, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil

Procedure, Defendant, and any person or entity acting in concert with him or under his supervision, are temporarily restrained and enjoined from:

i.   soliciting or servicing, or inducing not to place business with MMA, any clients of MMA with whom Defendant had contact, or about whom Defendant obtained Confidential Information and Trade Secrets, or for whom Defendant was responsible for making (or assisting or supervising the making of) sales to, or performing or providing (or assisting or supervising the performance or provision of) services or products on behalf of, MMA, during the last two (2) years of his employment;

ii.   soliciting, or inducing to not place business with MMA, any prospective clients of MMA with whom Defendant had contact or from whom Defendant solicited business on behalf of MMA during the last two years of his employment;

iii.   soliciting or endeavoring to cause MMA employees with whom Defendant came into contact for business purposes or about whom Defendant obtained Confidential Information and Trade Secrets to leave employment with MMA;

iv.   possessing, using, disclosing or disseminating MMA's Confidential Information and Trade Secrets;

v.   any other actions in violation of his contractual obligations or duty of loyalty or duty of confidentiality to MMA; and it is further

ORDERED, that the Plaintiff shall be permitted to seek discovery from Defendant on an expedited basis and take the depositions of Defendant, in New York, between May 2, 2019 and May 11, 2019, Defendant shall respond to limited document requests pursuant to Fed. R. Civ. P. 34, and, within ten days of the day of this Order, Defendant shall make available for forensic inspection, his personal computer, his work computer at Teros, his personal and work cellphone,

3

any cloud or internet based document storage used by Defendant in a personal or work capacity, and his personal email account(s) and his email account at Teros; and it is further

ORDERED, that service of a copy of the Complaint, Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery and all supporting declarations and this Order upon Defendant or counsel for Defendant by email before 5:00 p.m. on May ___, 2019 shall be deemed sufficient service; and it is further

ORDERED, that answering affidavits, if any, must be served by hand or by email on Plaintiff's attorneys of record in this action no later than 5:00 p.m. on May ___, 2019, and reply affidavits, if any, must be served by hand or by email upon Defendants no later than 5:00 p.m. on May ___, 2019.

Dated: April 30, 2019
      New York, New York

SO ORDERED: _____

_____