UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARSH & MCLENNAN AGENCY LLC,

    Plaintiff,

-against-

ELMER "RICK" FERGUSON,

    Defendant.

---

**19 CV 03837**
Case No.: _____

**DECLARATION OF DOUGLAS A. WICKHAM**

JUDGE BRODERICK

---

**DOUGLAS A. WICKHAM**, declares pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury that the following is true and correct:

1. I am a Shareholder with the law firm Littler Mendelson, P.C., counsel for Plaintiff Marsh & McLennan Agency LLC ("MMA").

2. I am familiar with the facts and circumstances associated with this case and make this declaration in support of MMA's motion for a restraining order, a preliminary injunction, and expedited discovery brought by Order to Show Cause.

3. On or about February 19, 2019, I caused to be sent a cease and desist letter to Defendant Elmer "Rick" Ferguson ("Defendant" or "Ferguson") via email and U.S. mail. *See* Ex. A.

4. This letter advised Ferguson that he was in breach of his post-employment obligations and that MMA would not hesitate to pursue any and all legal remedies necessary to enforce such obligations.

5. Nate White, Founder and President of Teros Advisors, LLC ("Teros" or "Teros Advisors"), was also copied on the email to Ferguson with the cease and desist letter as an attachment.[1]

6. Specifically, in the February 19 cease and desist letter, I wrote to Ferguson and stated as follows:

> Notwithstanding these contractual duties and obligations, the Company has obtained information indicating that you breached your contractual and common law obligations by, among other things, using and disclosing the Company's confidential information and/or trade secrets both during your employment and thereafter to solicit MMA's clients and to actively encourage such clients to terminate their relationship with MMA and to retain your new employer, Teros Advisors. You also accessed and used the Company's confidential information and trade secrets using your Company laptop and the Company's computer systems to carry out this misconduct for your person gain and/or for the benefit of your new employer. Furthermore, you failed to return/wrongly retained MMA's confidential information and trade secrets and its property and equipment (including the laptop computer and cell phone issued to you).
>
> You also misrepresented to MMA's clients that your move to Teros Advisors would be an "administrative change with a couple forms to sign" and that you would continue to work with MMA to "support our common clients" in an apparent effort to make it appear that MMA sanctioned or otherwise authorized your misconduct and/or that no real change would be required as a result of your departure from MMA. It also appears that you booked air travel to Canada that was paid for by MMA to meet with an MMA client in order to solicit them on behalf of Teros Advisors. You also may have engaged in other acts and omissions which violate FINRA regulations and/or state and/or federal law. You even represented to a client that MMA agreed to or authorized your misconduct here. To be clear, however, MMA has <u>not</u> authorized you to engage in this misconduct nor has MMA agreed to allow you to engage in this misconduct.
>
> In sum, you have engaged in multiple, flagrant violations of your legal duties and obligations and agreements, which also give

---

[1] Teros did not respond to Wickham's cease and desist letter. However, Teros knew or should have known of Ferguson's post-employment obligations to MMA at or near the time Ferguson commenced employment for Teros.

> rise to actual or potential violations of state and federal law. While the Company hopes to avoid litigation, MMA will take appropriate action if required to protect its legal interests and to recover damages proximately caused by your misconduct.

*Id.*

7. On or about February 21, 2019, Ferguson acknowledged receipt of the cease and desist letter via email. *See* Ex. B.

8. Ferguson did not substantively respond to MMA's cease and desist letter for the remainder of February. However, on or about March 1, 2019, I received a letter from Jamie Dupree of the law firm Futterman Dupree Dodd Croley Maier LLP, in which Ms. Dupree stated that she was "in the process of being retained" by Ferguson. *See* Ex. C.

9. On March 7, 2019, I sent an email to Ferguson's counsel, requesting that she inform MMA whether she had "been formally retained by Mr. Ferguson and/or Teros Advisors and, if so, when MMA should expect to receive a substantive response to the February 19, 2019 letter addressed to Mr. Ferguson."

10. Later that afternoon on March 7, Ferguson's counsel responded by stating that she had been retained and would respond "substantively" the following week.

11. On the next day, March 8, 2019, I sent an email message to Ferguson's counsel and explained that it was MMA's understanding "that Mr. Ferguson continues to retain/possess MMA's confidential information and trade secrets and he continues to engage in the misconduct described in [the] February 19, 2019 [cease and desist] letter," and I urged Ferguson's counsel to promptly address those issues with Ferguson.

12. On or about March 13, 2019, I received a letter from Ferguson's counsel, which largely failed to address MMA's cease and desist letter substantively and instead alleged that

3

Ferguson was owed "approximately $30,000" for his "2018 service bonus" and "approximately $95,000" for his "sales referral bonus." *See* Ex. D.

13. On or about April 2, 2019, I sent another letter to Ferguson's counsel, imploring Ferguson to cooperate with MMA, by April 8, 2019 at 5 p.m., and cease and desist from engaging in all improper conduct, to make his personal and work equipment available for inspection and forensic review, and to otherwise comply with his contractual obligations set forth in the MMA Agreement. *See* Ex. E.

Dated: April 29, 2019
       Los Angeles, California

_____
Douglas A. Wickham