# EMPLOYEE AGREEMENT

This Agreement is entered into this 26th day of February, 2007 between Barney & Barney, LLC, a Limited Liability Company (hereinafter referred to as "B&B"), and Rick Ferguson (hereinafter referred to as "Employee"). In consideration of the mutual promises and agreements contained herein, as well as other valuable consideration, it is agreed as follows:

## INTRODUCTION

This Agreement is intended to set forth the terms and conditions of the employment relationship between B&B and Employee. This relationship is based on the agreement and understanding of the parties that B&B is the owner of the insurance business and that B&B's clients comprise a substantial part of the goodwill of the insurance business, as that term is used below. This agreement is entered into to set forth the provisions of employment and to protect the business and goodwill of B&B and its confidential and proprietary information.

## AGREEMENT

In consideration of the mutual promises and agreements contained herein, as well as other valuable consideration, it is agreed as follows:

1.  **At Will Employment.** B&B agrees to employ Employee on an at will basis. This means that either B&B or Employee may terminate the employment relationship at any time, for any reason or no reason. Employee hereby voluntarily accepts this at will employment. Any prior or contemporaneous representations, express or implied, to the contrary are hereby superseded. This at will term of this Agreement may only be modified in writing signed by Employee and Managing Member.

2.  **Compensation.** Employee shall be paid a wage as determined by their Departmental Manager. This amount will represent full compensation for all services performed by Employee under this Agreement. B&B may change this compensation from time to time, in its discretion, upon review of Employee's efforts, production, and performance.

3.  **Benefits.** Employee shall be eligible for employee benefits generally provided by B&B, such as group life and health insurance and a retirement plan, if any, on the same terms and conditions as such benefits are available to similar employees of B&B.

4.  **Performance of Duties.** Employee agrees to devote Employee's full-time and best efforts to the business of B&B. Employee will, at all times, loyally and conscientiously perform all duties and obligations either expressly or implicitly required of Employee by B&B and the terms of this Agreement. Employee further agrees not to engage in any outside activity or business that would interfere with or be in conflict or competition with the business of B&B or Employee's responsibilities to B&B.

5.  **B&B Business Activity.** All insurance agency and brokerage business, including bond, risk management, self-insurance or other services, or any other related business conducted by B&B, transacted through the efforts of Employee, shall be the sole property of B&B. Employee shall have no right to share in any commissions, fees, or incentives resulting from the conduct of such business other than the compensation referred to in Paragraph 2 of this Agreement.

6.  **Confidential Information and Materials.** As an employee of B&B, Employee will have access to, and become acquainted with, confidential trade secrets relating to current and potential clients of B&B and companies from which B&B obtains insurance coverage for their clients, as well as other confidential information relating to expiration dates, policy terms, conditions and rates, clients' risk characteristics and information concerning the insurance markets for particular risks (collectively "Proprietary Information"). This Proprietary Information is owned by B&B and is regularly used in the operation of its business. Employee shall not disclose the contents of any such proprietary information or any other confidential or proprietary information of B&B, directly or indirectly, or use it in any way, either during the term of this Agreement, or thereafter, except as is required in the course of Employee's employment with B&B. No confidential and proprietary information, whether prepared by B&B or Employee, or otherwise coming into Employee's possession, shall be removed from the premises of B&B under any circumstances without the prior written consent of B&B, except as necessary to conduct the business of B&B. Upon termination of employment, Employee shall immediately return to B&B all proprietary information in Employee's possession.

7.  **No Solicitation of Clients.** Employee understands and agrees that Employee shall

not at any time use any of B&B's confidential or proprietary information or materials, either on Employee's own account or in association with any other person, firm, corporation or other entity, to solicit, induce, encourage, entice away or divert any person or entity which was a client of B&B during the time of Employee's employment, excluding any clients that Employee brings to B&B at the inception of his employment who were not previously clients of B&B. Employee also agrees not to provide any other person or entity with any confidential or proprietary information regarding B&B clients for purposes of assisting that person or entity in contacting or soliciting such clients.

8. <u>No Solicitation of Employees</u>. Employee understands and agrees that Employee will not on Employee's own account or in Employee's association with any other person, firm, corporation or other entity, solicit any of B&B's employees to work for Employee or any other competitive company. Employee also agrees not to provide any other person or entity any information regarding any B&B employee for purposes of assisting that person or entity to contact or solicit such employees.

9. <u>Indemnification</u>. Employee represents to Employer that Employee is not subject to any contractual agreement that would limit Employee's right to accept employment with Employer. Employee also represents that Employee will not use or disclose any confidential or proprietary information of any other person or entity in connection with the duties required under this Agreement. Employee shall indemnify, defend, and hold harmless B&B and its officers, directors, shareholders, partners, employees, agents, and representatives (collectively "Indemnitees") against all liability, claims, costs, damages, and expenses including attorney's fees incurred by Indemnitees for any claim of use or misappropriation of trade secrets, interference with contractual relations or related claims made against Employee or B&B arising out of or relating to Employee's agreement with a prior employer.

10. <u>Liquidated Damages.</u> If Employee breaches any provision of paragraphs 6, 7, and 8 of this Agreement at any time, Employee agrees to pay promptly to Employer an amount of liquidated damages equal to 50% of any subsequently earned commission, fee or compensation. The parties agree that this provision is reasonable under the circumstances existing at the time this Agreement is entered into and from the nature of the matter it would be impractical or extremely difficult to fix the actual damages. This liquidated damages provision shall not prevent B&B from seeking additional actual damages if such can be proved, as well as equitable

relief as appropriate as set forth in paragraph 11 below.

11. <u>Other Remedies.</u> Employee recognizes and agrees that the liquidated damages set forth above may not be an adequate or an appropriate remedy for a breach by Employee of any of the agreements set forth in paragraphs 6, 7, and 8 above, because the breach relates to matters which are of a special, unique or extraordinary character, or because the breach causes a loss for which B&B may not be reasonably or adequately compensated in damages and which causes B&B irreparable injury and harm. Consequently, Employee agrees that B&B shall, at its option, be entitled to injunctive and/or other equitable relief to prevent a breach of any of the terms of this Agreement and Employee agrees to be bound by the entry of any such order so enjoining him.

12. <u>Return of Records.</u> All records, files, charts, and other documentation, including any electronic records, relating in any manner whatsoever to clients of B&B or work prepared for B&B, which comes into Employee's possession, shall be the exclusive property of B&B, regardless of who actually prepared the records or other documentation. Employee shall immediately return all such records and documentation to B&B upon termination of employment.

13. <u>Successor.</u> The rights and obligations of B&B under this Agreement shall inure to the benefit of and be binding upon the successors, assigns or transferees of B&B.

14. <u>Non-Assignability.</u> This Agreement is not assignable by Employee.

15. <u>Severability.</u> In the event that any provision of this agreement is rendered illegal or unenforceable by a court of competent jurisdiction, such event shall not affect the validity or enforceability of the other provisions hereof. In the event that any of the restrictions set forth above cannot be legally enforced for the period of time specified herein, such fact shall not affect the applicability of such restrictions for a reasonable period of time.

16. <u>Integration.</u> This Agreement contains the entire agreement between the parties hereto regarding Employee's at-will employment and the terms of Employee's compensation and benefits of employment with B&B. Additionally, it supersedes all prior negotiations, understanding, letters, arrangements and agreements between them concerning those matters. The language and all parts of this Agreement shall in all cases be construed simply according to its fair meaning and not strictly for or against any party.

17. <u>Choice of Law.</u> This Agreement shall be governed by and construed under the

laws of the State of California.

18. <u>Waiver</u>. The waiver by B&B of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of the same or any other provision hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

**BARNEY & BARNEY, LLC**

_____
Paul Hering, Managing Principal

**EMPLOYEE**

_____
Signature

ELMER R FERGUSON
Print Name