UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH & MCLENNAN AGENCY LLC,<br><br>Plaintiff,<br><br>-against-<br><br>ELMER "RICK" FERGUSON,<br><br>Defendant. | 19-CV-3837 (VSB)<br><br>**OPINION & ORDER** |

Appearances:

A. Michael Weber
Daniella Adler
Kevin K. Yam
Littler Mendelson, P.C.
New York, New York
*Counsel for Plaintiff*

Elmer "Rick" Ferguson
San Bruno, California
*Pro se Defendant*[1]

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiff Marsh & McLennan Agency LLC's ("Plaintiff" or "MMA") motion for attorneys' fees, (Doc. 149 ("Fees Mot." or "Fees Motion")), in accordance with the Judgment entered in this action on July 1, 2025, (Doc. 148 ("Judgment")). Also before me is Defendant Elmer Ferguson's ("Defendant" or "Ferguson") motion to stay the Judgment, (Doc. 156 ("Stay Mot." or "Stay Motion")), without the posting of bond pending his appeals of the Judgment and my June 9, 2025 Opinion & Order, (Doc. 145 ("Opinion" or "Op.")), to the

[1] At the time that the Fees Motion and Stay Motion were briefed, Ferguson was proceeding pro se. On June 4, 2026, Cristopher S. Rapp filed a motion to appear pro hac vice as counsel for Ferguson, (Doc. 169), which I granted the following day, (Doc. 170). Thus, Ferguson is now represented by Mr. Rapp.

Second Circuit. Because Defendant's appeals to the Second Circuit are pending, Plaintiff's Fees Motion is DENIED without prejudice to refiling once the pending appeals are resolved. With regard to the motion to stay the Judgment without requiring a bond, because Defendant's assertion that he is on the verge of bankruptcy and is unable to post a bond weigh against waiver of the bond requirement under the circumstances presented here, Defendant's Stay Motion is DENIED.

## I. Factual and Procedural Background[2]

On June 9, 2025, I issued the Opinion granting Plaintiff's motion to confirm the arbitration award and denying Defendant's motion to dismiss Plaintiff's claims and to vacate or modify the arbitration award. (*See* Op.) I also directed Plaintiff to submit a proposed judgment that was consistent with the arbitrator's October 6, 2023 award in MMA's favor and the Opinion. (*Id.* at 19.) On June 23, 2025, Plaintiff filed a proposed judgment. (Docs. 146, 146-1–146-3.) On June 27, 2025, Defendant filed a notice of appeal of my Opinion. (Doc. 147.) The Clerk entered the Judgment in accordance with my Opinion on July 1, 2025. (Doc. 148.)

On July 15, 2025, Plaintiff filed a motion for attorneys' fees, (Fees Mot.), a supporting memorandum of law, (Doc. 151), and the declaration of A. Michael Weber, along with exhibits, (Docs. 150, 150-1–150-3). On August 1, 2025, Defendant filed an opposition to Plaintiff's Fees Motion. (Doc. 154 ("Fees Opp'n").) On August 28, 2025, Plaintiff filed a reply memorandum of law in support of the Fees Motion. (Doc. 163 ("Fees Reply").)

On July 15, 2025, Defendant filed a notice of appeal of the Judgment. (Doc. 153.) On July 31, 2025, Defendant filed a motion to stay the Judgment pending his appeal of the Judgment

[2] I assume the parties' familiarity with the facts of this case as set forth in my Opinion & Order dated July 2, 2021, (Doc. 110), and my Opinion & Order dated June 9, 2025, (Op.), and I provide only a brief discussion of the facts and procedural history necessary to explain my decision below.

to the Second Circuit. (Stay Mot.) On August 28, 2025, Plaintiff filed an opposition to the Stay Motion. (Doc. 162 ("Stay Opp'n").) On September 29, 2025, Defendant filed a reply in support of the Stay Motion. (Doc. 167 ("Stay Reply").)

## II. Legal Standards

### A. Motion for Attorneys' Fees

Following an appeal from a judgment, "a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (citations omitted). "If an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." *Id.* (quoting Fed. R. Civ. P. 54(d) Advisory Committee's Note (emphasis omitted)). "Consistent with this language, courts routinely defer or deny a motion for attorney[s'] fees until a mandate from the appellate court is issued." *EMA Fin., LLC, v. VYSTAR Corp.* ("*Ema I*"), No. 19-CV-1545, 2024 WL 4907848, at *1 (S.D.N.Y. Aug. 5, 2024); *see also Matsumura v. Benihana Nat. Corp.*, No. 06-CV-7609, 2014 WL 1553638, at *6 (S.D.N.Y. Apr. 17, 2014). In other words, "a district court is not required to resolve the motion for attorneys' fees before the appeal is completed." *Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 11-CV-9718, 2017 WL 456466, at *12 (S.D.N.Y. Feb. 1, 2017). A multitude of reasons exist for deferral or denial of such a motion, including, among others, to ensure that the court addresses the motion for attorneys' fees by the ultimate prevailing party, *id.*, and because a ruling on attorneys' fees is "unlikely to assist the Court of Appeals," *id.* (internal quotation marks omitted).

### B. Motion to Stay Judgment Pending Appeal

Federal Rule of Civil Procedure 62(b) provides that "a party may obtain a stay" of a judgment "by providing a bond or other security." Fed. R. Civ. P. 62(b); *see also* Fed. R. Civ. P. 62 Advisory Committee's Note (explaining that "[s]ubdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)."). "The purpose of the bond requirement in FRCP 62(b) is twofold: 'to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *Mar-Can Transp. Co., Inc. v. Loc. 854 Pension Fund*, No. 20-CV-8743, 2024 WL 3887191, at *2 (S.D.N.Y. Aug. 21, 2024) (quoting *In re Nassau Cnty. Strip Search Cases* ("*Nassau*"), 783 F.3d 414, 417 (2d Cir. 2015) (per curiam). "A district court therefore may, in its discretion, waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'" *Nassau*, 783 F.3d at 417 (quoting *FDIC v. Ann–High Assocs.,* No. 97–6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997) (per curiam)).

The traditional four-factor test often used in connection with stays of injunctions, which includes assessment of the "likelihood of success on appeal, injury to the movant, injury to the non-moving party, and the public interest[,]" applies only when the judgment sought to be stayed is for injunctive or equitable relief. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018). The Second Circuit has rejected application of the four-factor test to cases involving monetary damages and has instead implemented the five-factor test articulated in *Nassau*, which analyzes whether a district court should waive the bond requirement that automatically stays a judgment:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that

> the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Nassau*, 783 F.3d at 417–18 (internal quotation marks omitted). A defendant's motion for a stay based on their inability to pay the judgment weighs decisively against waiver of the bond requirement. *Book Dog Books, LLC*, 327 F. Supp. 3d at 649 (finding that "a concession of inability to pay is often determinative in this inquiry" (internal quotation marks omitted)).

**C. *Pro Se Defendant***

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and italicizations omitted). As Plaintiff is pro se, I construe his briefings "liberally and [] interpret them to raise the strongest arguments they suggest." *Bautista v. TAP Air Portugal*, No. 24-CV-00503, 2025 WL 1224799, at *2 (S.D.N.Y. Apr. 28, 2025) (internal quotation marks omitted).

**III. <u>Discussion</u>**

**A. *Motion for Attorneys' Fees***

Plaintiff seeks attorneys' fees in the amount of $543,985.25 pursuant to a contractual attorneys' fees provision and California's Uniform Trade Secrets Act. (Doc. 151 at 9–10.) Ferguson objects to MMA's Fees Motion, in part, due to the pending appeals. (Fees Opp'n 3, 5–6.) Plaintiff responds that, because I maintain jurisdiction over collateral matters such as attorneys' fees, I can and should consider and grant Plaintiff's Fees Motion notwithstanding the appeals. (Fees Reply 1, 5.) Plaintiff states that Ferguson may file a supersedeas bond if he wishes to stay his obligation to pay fees pending his appeal. (*Id.* at 5.) Ferguson also objects to

MMA's Fees Motion because he argues that the fees MMA seeks are excessive and unreasonable and that he "is on the verge of bankruptcy." (Fees Opp'n 4, 7–13.) Plaintiff defends its fees by pointing to the complexity and duration of this litigation, which has spanned nearly seven years, extensive motion practice, discovery, and a two-day preliminary injunction hearing. (Fees Reply 1–2.)

Where, as here, a losing party has appealed the merits of a case, I have discretion to decide or defer ruling on a motion for attorneys' fees until the appeals are resolved. *Mar-Can Transp. Co., Inc.*, 2024 WL 3887191, at *3 ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." (internal quotation marks omitted)); *see also* Advisory Committee Notes to Fed. R. Civ. P. 54(d). "Indeed, Courts in this Circuit regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits." *Apex Emp. Wellness Servs.*, 2017 WL 456466, at *12.

Exercising that discretion, I deny Plaintiff's motion for attorneys' fees during the pendency of Defendant's appeals from the Opinion and Judgment in this case. Ruling on the substance of the motion would not provide any meaningful assistance to the Second Circuit in its consideration of the appeals and would undoubtedly create additional work for me and for the parties after resolution of the appeals. *See id.* ("Deferring a ruling on Plaintiff's motion for attorneys' fees until the Second Circuit resolves Defendant's appeal ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails."); *see also Gill v. Bausch & Lomb Supp. Ret. Income Plan I*, No. 09-CV-6043, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014) ("Immediate resolution of the collateral issue of whether Plaintiffs are

entitled to attorneys['] fees is unlikely to assist the Court of Appeals. . . . Thus, deferring a ruling on Plaintiffs' motion for attorneys' fees until the Second Circuit resolves Defendants' appeal ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails." (internal quotation marks omitted)). For these reasons, I deny Plaintiff's Fees Motion without prejudice, and note that, in accordance with Federal Rule of Civil Procedure 54, Plaintiff may file a motion for attorneys' fees following the Second Circuit's resolution of the appeals of the Opinion and Judgment and the subsequent proceedings that may result from any remand. Fed. R. Civ. P. 54(d)(2)(B).

### B. *Motion to Stay Judgment Pending Appeal*

Ferguson also seeks a stay of the Judgment pending his appeals of the Opinion and Judgment without posting a bond. (*See generally* Stay Mot.) The bulk of Ferguson's Stay Motion does not focus on the *Nassau* five-factor test and instead argues that he will prevail on the merits of his appeals, which is inapplicable to his motion seeking a stay of a money judgment. (*See id.*) Ferguson asserts that he is likely to succeed on the appeals because Plaintiff did not have standing and did not state a valid claim and both I and the arbitration panel made errors in our findings of fact and law. (*Id.* at 1–2, 5–9.) Moreover, Ferguson states that he will suffer irreparable harm because, in the absence of a stay, he "is on the cusp of being forced into bankruptcy." (*Id.* at 2.) In the declaration accompanying his Stay Motion, Ferguson states that he has "a current total net worth that is negative, excluding ERISA protected retirement accounts." (*Id.* at 14 ¶ 4.) However, Ferguson also argues that a supersedeas bond should not be required under the *Nassau* factors because he has "no appreciable assets . . . thus any collection proceedings would be simple and quick," (*id.* at 11–12), since he has a "precarious financial situation" and could not afford the annual premium on a supersedeas bond, (*id.* at 12, 15–16 ¶

10).

In opposition, Plaintiff points out that Ferguson incorrectly focuses on the four-factor test for injunctive or equitable relief instead of the five-factor test from *Nassau* for money judgments, and that, in any event, Ferguson's arguments fail under both tests. (*See generally* Stay Opp'n.) Moreover, Plaintiff argues that Ferguson must post bond precisely because he concedes that he lacks the requisite funds to pay the judgment. (*Id.* at 8–10.) In his reply, Ferguson continues to assert that his appeals have a strong chance of success: "The bond requirement should be waived for the simple but extraordinary circumstances that Defendant Ferguson is broke," and that if I allow MMA "to move forward with collections, Defendant will simply declare bankruptcy." (Stay Reply 2.)

As an initial matter, I do not consider Ferguson's arguments regarding the likelihood of success of his appeals because he relies on the Second Circuit's four-factor test used to determine whether a stay of injunctive relief or equitable relief should be granted pending appeal, rather than enforcement of a monetary award. *Field v. Murnane*, No. 21-CV-1990, 2025 WL 3438491, at *1 n. 4 (S.D.N.Y. Nov. 26, 2025) ("[B]ecause [defendant] seeks a stay of a money judgment pending appeal pursuant to Rule 62(b), the Court does not have occasion to consider factors, such as the likelihood of success on the merits, that are germane to motions for stays pending appeals of injunctions." (internal quotation marks omitted)). *See also Book Dog Books, LLC*, 327 F. Supp. 3d at 649 ("[T]he traditional four factors apply only when the judgment sought to be stayed is for injunctive or equitable relief." (internal quotation marks omitted)); *Butler v. Ross*, 16-CV-1282, 2017 WL 6210843, at *2 (S.D.N.Y. Dec. 7, 2017) ("[A] motion for a stay of money judgment is assessed under the announced test [from *Nassau*], which is separate and apart from the test used when assessing a Rule 62(c) motion.").

Ferguson's analysis of the *Nassau* factors includes several assertions that he has a "precarious financial situation," is "insolven[t]," "cannot afford even the premium on a supersedes bond," and "cannot satisfy judgement [sic]." (*See* Stay Mot. 11–12, 16 ¶ 10.) Courts in this District have held that assertions claiming an inability to pay a judgment or bond overwhelmingly weigh against waiver of the bond requirement. *See China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911, 2026 WL 456797, at *4 (S.D.N.Y. Feb. 18, 2026) ("As courts in this District have recognized, a stated inability to post a bond is often 'determinative' of the inquiry under Rule 62(b) and weighs decisively against waiver of the bond requirement.") (quoting *U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC*, No. 16-CV-7544, 2020 WL 2216660, at *10 (S.D.N.Y. May 7, 2020) and collecting cases); *Book Dog Books, LLC*, 327 F. Supp. 3d at 649 (explaining that the bond requirement cannot be waived "solely on the basis that it will pose a severe financial hardship on the appellant"); *Butler*, 2017 WL 6210843, at *3 (determining the argument that defendant "simply cannot pay" the judgment insufficient for waiver of the bond requirement because the *Nassau* "factors contemplate waiving the requirement of a *supersedeas* bond because a court is satisfied that the debtor would be able to pay the judgment with ease"); *Moore v. Navillus Tile, Inc.*, No. 14-CV-8326, 2017 WL 4326537, at *2 (S.D.N.Y. Sept. 28, 2017) (holding that defendant's advisement that it could not satisfy the judgment nor obtain a bond from any source was "determinative" as to *Nassau* factors two, three and four and led to conclusion that the court should not waive the bond requirement). These cases are determinative here. "The fact that [Ferguson] do[es] not offer any assurances that [he] could secure the [J]udgment if Plaintiff prevails on appeal counsels against waiving the bond requirement." *EMA Fin., LLC v. Joey New York Inc.* ("*Ema II*"), No. 17-CV-9706, 2022 WL 2399754, at *3 (S.D.N.Y. July 1, 2022); *see also China AI Cap. Ltd.*, 2026 WL 456797, at *4

(finding "that stated inability to pay is determinative of the application for a waiver of the bond requirement"). "Indeed, the bond requirement is enforced in order to protect the appellee in the event the judgment is affirmed, while also guaranteeing that the appellant can recoup the payment shall it prevail on appeal." *Ema II*, 2022 WL 2399754, at *3 (citing *Nassau*, 783 F.3d at 417).

Moreover, the first and fifth *Nassau* factors also weigh against waiver of the bond requirement. The first *Nassau* factor considers the "complexity of the collection process." *Nassau*, 783 F.3d at 417 (internal quotation marks omitted). Ferguson argues that this factor favors waiver of the bond requirement because he has "no appreciable assets . . . thus any collection proceedings would be simple and quick." (Stay Mot. 11–12.) However, Ferguson "has not shown that [he] will be able to pay the [J]udgment quickly after an appeal. Instead, [he has] represented that [he] do[es] not have the funds to pay an award. From [Ferguson's] representations 'it is apparent that the procedure for collecting a judgment in the absence of a bond would be 'cumbersome and time consuming.' As such, the first factor also weighs against relief from the bond requirement." *China AI Cap. Ltd.*, 2026 WL 456797, at *5 (quoting *Gardner-Alfred v. Fed. Rsrv. Bank of New York*, No. 22-CV-1585, 2024 WL 3755548, at *2 (S.D.N.Y. Aug. 12, 2024) (quoting *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986))). *See also Mircal v. Flacks*, No. 25-CV-622, 2026 WL 654633, at *2–3 (S.D.N.Y. Mar. 8, 2026) ("The first and second *Nassau County* factors—the complexity of the collection process and the time required to obtain a judgment after it is affirmed—weigh against waiver because [the defendant] fails to support his assertion that collection would not be complex or lengthy, and the record suggests otherwise. . . . [Defendant's] failure to pay under the Guaranty and his actions to resist payment also suggest that the collection process may prove complex and lengthy." (internal

citations omitted)).

The fifth *Nassau* factor considers "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Nassau*, 783 F.3d at 417–18 (internal quotation marks omitted). "[T]his factor requires the debtor to show that their inability to pay other creditors would stem from the *bond itself*, not merely from the judgment" and "does not envisage waiving the bond requirement because a debtor simply cannot pay." *Book Dog Books, LLC*, 327 F. Supp. 3d at 650 (emphasis in original) (internal quotation marks omitted). Ferguson argues that this factor favors waiver of the bond requirement because Plaintiff has been aware of Ferguson's financial situation "[f]rom the onset of Plaintiff[']s claims." (Stay Mot. 12–13). However, Ferguson "has not identified other creditors and has put forth no evidence that posting a bond would leave [him] unable to pay other creditors." *China AI Cap. Ltd.*, 2026 WL 456797, at *5. *See also Saadeh v. Kagan*, No. 20-CV-1945, 2024 WL 5514998, at *1 (S.D.N.Y. Feb. 14, 2024) ("[T]he *Nassau County* factors . . . do not focus on potential financial hardship to the judgment-debtor. They aim instead to gauge whether the posting of a bond is unnecessary in a given circumstance to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. . . . That [defendant] has claimed that he is unable to pay the judgment or for a bond supports not waiving the bond requirement, as he has not provided an acceptable alternative means of securing the judgment against him." (internal quotation marks omitted)). Even assuming, arguendo, that this factor weighed in Ferguson's favor, I would reach the same result based on the remaining *Nassau* factors. *See Book Dog Books, LLC*, 327 F. Supp. 3d at 650 ("[E]ven if the fifth factor favors a stay without bond, it does not outweigh the other factors."); *TD Bank, N.A. v. Miller*,

No. 18-CV-10608, 2022 WL 1094160, at *1 (S.D.N.Y. Apr. 12, 2022) ("The fifth factor, however, is instead aimed at protecting the judgment debtor's *other* creditors, and thus, it carries the least persuasive weight in determining whether to grant a stay without bond." (emphasis in original)). Accordingly, I will not waive the requirement of a supersedeas bond nor will I stay the Judgment pending appeal.

In denying Rule 62(b) motions, courts in this District have noted that a variety of other mechanisms beyond Rule 62 waiver of the bond requirement exist that may more adequately address a defendant's concerns regarding satisfaction of a judgment. *See Moore*, 2017 WL 4326537, at *6 (noting that, upon denial of the motion to stay the action pending appeal and waiver of the bond, "Rule 62(g) gives an appellate court far more power to stay a judgment pending appeal than is accorded to a district court" and that the application may have been better "addressed to the Court of Appeals in the first instance"); *Butler*, 2017 WL 6210843, at *3 ("There are other, well-established mechanisms by which debtors who assert that they are in serious financial distress can avoid posting a bond. They include filing a bankruptcy petition, which triggers an automatic stay and enjoins collections and enforcement actions by creditors."). Nonetheless, the law in this Circuit counsels against my waiving the bond requirement under the circumstances presented in this case.

## IV. Conclusion

Plaintiff's motion for attorneys' fees is DENIED without prejudice and Defendant's motion to stay without a posting of bond is DENIED. The new deadline for the filing of any motion for attorneys' fees under Fed. R. Civ. P. 54(d)(2)(B) shall be 21 days from entry on the docket of the mandate from the Second Circuit.

The Clerk of Court is respectfully directed to terminate the open motions at Doc. 149 and Doc. 156.

SO ORDERED.

Dated: July 20, 2026
New York, New York

Vernon S. Broderick
United States District Judge